THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00040-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JOSEPH SAMUEL DAVIS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant Miller's Sealed Motion [Doc. 56] and Joint Motion to Continue and Motion to Permit Document 56 to be Deemed Sealed Memorandum. [Doc. 57].

On April 4, 2017, the Defendant Joseph Samuel Davis ("Defendant Davis") was charged in a Bill of Indictment. [Doc. 1]. Defendant Davis was charged with one count of conspiracy to commit Federal Program Fraud in violation of 18 U.S.C. § 666. [Doc. 1]. Former co-Defendant Leroy Miller, Jr., ("Co-Defendant Miller") was charged in the same Bill of Indictment with one count of conspiracy to commit Federal Program Fraud in violation of 18 U.S.C. § 666, one count of Federal Program Fraud in violation of 18 U.S.C. § 666(a)(1)(B), one count of extortion under color of official right in violation

of 18 U.S.C. § 1951, and one count of witness tampering in violation of 18 U.S.C. § 1512(b)(3). [Doc. 1].

Defendant Davis' initial appearance and arraignment were held on April 12, 2017, at which time the Magistrate Judge appointed counsel for the Defendant and the case was placed on the May 1, 2017 calendar for trial. The Magistrate Judge then continued the case pursuant to 18 U.S.C. § 3161(c)(2) to the June 19, 2017 trial term. On June 6, 2017, the Court continued the case to the September 5, 2017 trial term. [Doc. 24]. On August 18, 2017, the Court continued the case to the November 6, 2017 trial term. [Doc. 27]. On October 25, 2017, the Court continued the case to the January 2, 2018 trial term. On November 21, 2017, the docket call in this matter was reset to the January 3, 2018 trial term. On December 19, 2017, the matter was continued to the March 5, 2018 trial term. [Doc. 33]. On February 20, 2018, the matter was continued to the May 14, 2018 trial term. [Doc. 37]. On April 20, 2018, the Magistrate Judge accepted and entered a guilty plea with respect to co-Defendant Miller. [Doc. 46]. On May 2, 2018, Defendant Davis' case was continued to its current setting during June 25, 2018 trial term. [Doc. 53].

The parties now move jointly for a continuance.[1] [Doc. 57]. As grounds, the parties state that additional time is needed for reasons stated in the Sealed Motion to Continue [Doc. 56] that the parties now seek to have deemed a Sealed Memorandum. In addition to the grounds stated in the Sealed Motion to Continue [Doc. 56], the parties note that the majority of the previous continuances granted in this matter were sought by co-Defendant Miller for reasons personal to him. Further, the parties state that counsel for the Government assigned to this case been unavailable recently due to serving on a committee designated to conduct interviews for the Magistrate Judge position opening in this District. Additionally, the parties state they are working extremely hard to resolve this case "both without the need for a costly trial and to see that substantial justice and fairness are accomplished." [Doc. 57]. The motion to continue is made jointly and, as such, the Government does not oppose the requested continuance. [See Doc. 57].

---

[1] On June 21, 2018, Defendant Davis filed a Sealed Joint Motion to Continue [Doc. 56]. Defendant, however, failed to file any motion to file Document 56 under seal as required by Local Rule 6.1. See LCvR 6.1. On the same day, the Court advised counsel for Defendant that counsel should withdraw the Sealed Joint Motion to Continue [Doc. 56], and then (1) file a motion to continue, (2) file a motion to seal a memorandum in support of the motion to continue in which the grounds for sealing were properly set forth, and (3) file a memorandum stating the grounds for the motion to continue that counsel deemed sensitive and sought to be under seal. Instead, counsel for Defendant filed the motion currently before the Court. [See Doc. 57]. Counsel is strongly cautioned against filing any such motions in the future as they not only fail to adhere to Local Rule 6.1, but also confuse the Court's docket for this case. The Court will grant the joint motion to deem Document 56 a sealed memorandum with great hesitation and only because of the proximity of the filing of the motion to the beginning of the trial term.

Based on and in light of the information presented in the Sealed Joint Motion to Continue, which the Court will deem a Sealed Memorandum in Support of the instant motion, the Court finds that the case should be continued and that Defendant's motion to permit Document 56 to be deemed a sealed memorandum should be granted. The Court finds that, under the circumstances, a failure to continue the case would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(A).

For the reasons stated herein, the ends of justice served by the granting of the continuances outweigh the best interests of the public and the Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

**IT IS, THEREFORE, ORDERED** that Defendant Davis' Joint Motion to Continue and Motion to Permit Document 56 to be Deemed Sealed Memorandum [Doc. 57] is **GRANTED**, and the above-referenced Defendant is hereby **CONTINUED** from the June 25, 2018 term in the Asheville Division.

**IT IS SO ORDERED.**

Signed: June 22, 2018

Martin Reidinger
United States District Judge